En el Tribunal Supremo de Puerto Rico

| ANA E. ACEVEDO ARROYO Y OTROS<br><br>    Demandante-Apelante<br><br>  .V<br><br>PUERTO RICO SUN OIL CO.<br><br>    Demandado-Apelado | Apelación<br><br>98TSPR73 |
|---|---|

Número del Caso: AC-96-0046

Abogados Parte Apelante: LCDO. MIGUEL A. CABRERA FIGUEROA
LCDA. LOU ANN DELGADO

Abogados Parte Apelada: LCDO. MANUEL E. LOPEZ FERNANDEZ

Tribunal de Instancia: Superior, Sala de Humacao

Juez del Tribunal de Primera Instancia: Hon. REINALDO DE LEON MARTINEZ

Tribunal de Circuito de Apelaciones: CIRCUITO REGIONAL VI

Juez Ponente: HON. AMADEO MURGA

Fecha: 6/15/1998

Materia: RECLAMACION DE SALARIOS

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

ANA E. ACEVEDO ARROYO Y
**OTROS**

    **Demandante-Apelante**

        **v.**

**PUERTO RICO SUN OIL CO.**

    Demandada-Apelada

**AC-96-46**

**OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ**

**San Juan, Puerto Rico a 15 de junio de 1998**

**Atendemos un recurso de apelación mediante el cual se nos solicita la revocación de una sentencia dictada por el Tribunal de Circuito de Apelaciones, Región de Caguas, Humacao y Guayama, el 18 de marzo de 1996. Al revocar una resolución emitida por el Tribunal de Primera Instancia, el referido foro apelativo intermedio resolvió que el derecho de un empleado a disfrutar de un periodo para tomar alimentos, fuera de la jornada regular de trabajo, existe en nuestra jurisdicción <u>a partir</u> de la aprobación de la Ley Núm. 41 de 17 de agosto de 1990[1]. En consecuencia, el mencionado tribunal**

---

[1] **29 L.P.R.A. sec. 283.**

apelativo desestimó la causa de acción de los querellantes relativa a los años <u>anteriores</u> al 1990. <u>Revocamos</u>; veamos por qué.

I

El 16 de julio y el 18 de noviembre de 1991, cerca de ciento ochenta y un (181) querellantes presentaron ante el Tribunal de Primera Instancia, Sala Superior de Humacao, dos reclamaciones salariales, alegando entre otras cosas, haber trabajado durante sus periodos de tomar alimentos sin que el patrono, Puerto Rico Sun Oil Co. (en adelante "Sun Oil"), los compensara de acuerdo al derecho aplicable. Las reclamaciones salariales se retrotraen al 16 de julio de 1981; es decir, incluyen un periodo de diez años.[2]

El 30 de noviembre de 1993, los querellantes presentaron querella enmendada en la que alegaron que, de acuerdo con la Ley Núm. 41 del 17 de agosto de 1990[3], el patrono tiene el deber de conceder a los empleados "una hora para tomar alimentos dentro de la jornada regular de trabajo" y otra hora adicional para tomar alimentos en "los periodos de trabajo efectuados fuera de la jornada diaria de trabajo".

---

[2] Esto en virtud de la Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. sec. 246d (Renumerada como sec. 28 mediante la Ley Núm. 84 de 20 de julio de 1995.)

[3] 29 L.P.R.A. sec. 283. Esta Ley enmienda la Ley Núm. 379 del 15 de mayo de 1948, 29 L.P.R.A. sec. 271, <u>et seq</u>.

El 15 de diciembre de 1993, la querellada, Sun Oil, contestó la querella enmendada, alegando que el periodo para tomar alimentos en la jornada extraordinaria del trabajo, contemplado en la Ley Núm. 41 de 17 de agosto de 1990[4], sólo tiene efecto prospectivo y por consiguiente, no es de aplicación a las reclamaciones que pudiesen haber surgido con anterioridad a la fecha de su vigencia.

Asimismo, la querellada solicitó el traslado al Tribunal de Distrito Federal para el Distrito de Puerto Rico de todas las reclamaciones relacionadas con los periodos comprendidos en varios convenios colectivos suscritos entre ella y la unión en representación de los apelantes. El referido foro federal ordenó el traslado de todas las reclamaciones surgidas en o luego del 24 de julio de 1988, fecha en que entró en vigor el primer convenio colectivo entre las partes[5]. Por esta razón, las reclamaciones de salarios ante el tribunal de primera instancia quedaron limitadas al periodo comprendido desde el 16 de julio de 1981 hasta el 23 de julio de 1988.

---

[4] 29 L.P.R.A. sec. 283.

[5] El Tribunal de Distrito Federal emitió dicha orden a tenor con la Sección 301 del Labor Management Relations Act, 29 U.S.C. sec. 185, la cual concede jurisdicción a dicho tribunal en este tipo de situación. De la querella enmendada surge que desde el 1ro de abril de 1982 al 31 mayo de 1988 no hubo convenio colectivo entre los empleados y el patrono. El primer convenio colectivo se extendió desde el 1ro de junio de 1988 al 31 de mayo de 1989; el segundo convenio colectivo cubrió desde el 1ro de junio de 1989 al 31 de mayo de 1991 y el tercer convenio incluyó desde el 1ro de junio de 1991 al 31 de mayo de 1994.

El 11 de octubre de 1995, la querellada presentó una moción para que se dictara sentencia sumaria parcial, solicitando que se desestimara la reclamación relativa a los periodos de alimentos en las jornadas extraordinarias, alegando que la Ley Núm. 41 de 17 de agosto de 1990[6] no tiene carácter retroactivo. Los querellantes se opusieron. Adujeron que la obligación de los patronos de conceder a sus empleados una hora para tomar alimentos en las jornadas de trabajo extraordinarias surge desde el año 1974 --fecha en que la Ley Núm. 223 de 23 de julio de dicho año enmendó el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948[7]-- y, además, de varias opiniones emitidas a esos efectos por el Secretario del Departamento del Trabajo.

El 20 de diciembre de 1995, el tribunal de primera instancia emitió resolución mediante la cual determinó que las disposiciones de la Ley Núm. 41 de 17 de agosto de 1990[8] validaban o reconocían expresamente lo que estaba contenido en las disposiciones de la Ley Núm. 223 del 23 de julio de 1974. Concluyó dicho tribunal que existía, _desde esta última fecha_, el derecho a un periodo adicional de tomar alimentos durante cualquier jornada en exceso de la regular. Al resolver lo anterior, dicho

---

[6] 29 L.P.R.A. sec. 283.
[7] 29 L.P.R.A. sec. 271, _et seq_.
[8] 29 L.P.R.A. sec. 283.

foro denegó la solicitud de sentencia sumaria parcial presentada por Sun Oil.

Inconforme, la querellada acudió ante el Tribunal de Circuito de Apelaciones. Con fecha de 20 de febrero de 1996, el foro apelativo intermedio ordenó a los querellantes que mostraran causa por la cual no debía revocar la resolución emitida por el tribunal de instancia. Estos sometieron sus escritos para mostrar causa el 4 de marzo de 1996. El 18 de marzo de 1996, el Tribunal de Circuito de Apelaciones dictó sentencia revocatoria de la emitida por el tribunal de primera instancia. En la misma señaló que la Ley Núm. 41 de 17 de agosto de 1990[9] sólo tiene efectos prospectivos, desestimando, en consecuencia, la causa de acción de los querellantes en relación con cualquier periodo anterior al 17 de agosto de 1990.

La parte querellante recurrió ante nos --vía apelación-- imputando al Tribunal de Circuito de Apelaciones haber errado al:

"1- . . . decidir que la Ley [Núm.] 223 del 23 de julio de 1974 solamente concedía la hora de alimentos en las jornadas ordinarias de trabajo, excluyendo la jornada extraordinaria.

2- . . . no darle deferencia a las opiniones del Secretario del Trabajo, a pesar de ser razonables las mismas, de que no se podía trabajar más de 5 horas consecutivas de trabajo [sic] sin recibirse [sic] los

---

[9] 29 L.P.R.A. sec. 283.

alimentos, independientemente si la jornada de trabajo era regular o extraordinaria.

3- . . . decidir que la Ley Núm. 41 de 17 de agosto de 1990 [, 29 L.P.R.A. sec. 283,] sólo tiene efectos prospectivos, no empecé [sic] el intento de la legislatura de, mediante interpretación de su legislación anterior, hacerla retroactiva a 1974."

Estando en condiciones de resolver el recurso presentado procedemos a así hacerlo.

II

Por estar íntimamente relacionados entre sí, procedemos a discutir, en forma conjunta, los tres errores señalados. La controversia ante nuestra consideración se circunscribe a determinar en que momento el legislador estableció el derecho del empleado a disfrutar de un periodo para tomar alimentos tanto en la jornada regular de trabajo como en la extraordinaria. Veamos.

En 1935 la Asamblea Legislativa aprobó la Ley Núm. 49 de 7 de agosto, legislación mediante la cual estableció que la jornada regular de trabajo sería de ocho horas y que las horas trabajadas en exceso de dicha jornada regular diaria se pagarían por el patrono al tipo doble del salario que se estuviese pagando por hora al empleado. Además, se dispuso en la citada Ley 49 que el

tiempo señalado para tomar alimentos no sería menor de una hora.[10]

Posteriormente, la Ley Núm. 379 de 15 de mayo de 1948[11] derogó y sustituyó la Ley Núm. 49 de 7 de agosto de 1935. En esta ocasión, el legislador mantuvo que ocho horas de labor constituyen la jornada legal de trabajo en Puerto Rico y que éstas se consideran horas regulares si se trabajan dentro de un periodo de veinticuatro horas consecutivas. Permaneció inalterada además, la disposición que establece que por cada hora extra trabajada el patrono pagará un tipo de salario igual al doble del tipo convenido para las horas regulares. Por otro lado, a pesar de que la duración del periodo de tomar alimentos se mantuvo en una hora, se añadió que podía fijarse un período menor para conveniencia del empleado por estipulación de éste y su patrono con la aprobación del Comisionado del Trabajo.

En este punto es preciso señalar que de la Exposición de Motivos de la Ley Núm. 379 de 15 de mayo de 1948[12] se desprende que la genuina y principal preocupación del legislador, por las jornadas excesivas de labor, son los adversos efectos físicos y emocionales en el empleado y los efectos negativos sobre la productividad. Se destaca que entre los propósitos de la

---

[10] Ley Núm. 49, Leyes de Puerto Rico, 1935, pág. 541.
[11] 29 L.P.R.A. sec. 271, et seq.
[12] Ley Núm. 379, Leyes de Puerto Rico, 1948, págs. 1255 y 1257.

ley se encuentra la efectiva protección de la salud, la seguridad y la vida del trabajador. Además, se aclara que se impone la doble retribución, no solamente para ofrecer al trabajador una compensación más justiciera por rendir una jornada más extensa, sino para disuadir a los patronos de exigir labores fuera de la jornada regular de trabajo.[13]

---

[13] El texto de la Exposición de Motivos de la Ley Núm. 379 de 15 de mayo de 1948 establece:

"Consagra esta Ley el principio de la limitación de la jornada de trabajo: una de las grandes reivindicaciones obreras. Se trata de una medida de efectiva protección de la salud, la seguridad y la vida del trabajador. Las jornadas excesivas de labor producen fatiga, aumentan la frecuencia de los accidentes del trabajo y quebrantan el vigor del organismo, exponiéndole a dolencias y enfermedades....

Por otro lado, concurre un fundamento técnico a apoyar la conveniencia de la limitación de la jornada: el rendimiento del trabajo está en razón inversa de su prolongación. Experiencias de laboratorio afirman que, al prolongarse el trabajo en forma inmoderada, sobreviene la fatiga, y ésta determina en el organismo un proceso químico de verdadera intoxicación que, además del daño físico y espiritual que proporciona al obrero, aminora sustancialmente la productividad del trabajo.
....
Es la política de esta Ley limitar a un máximo de ocho horas la jornada legal de trabajo en Puerto Rico y proveer el pago de un tipo doble de salario para las horas trabajadas en exceso de la jornada legal. La experiencia demuestra que no basta una disposición prohibitiva para lograr la limitación interesada. La pena impuesta al patrono que viola el precepto prohibitivo no aprovecha al empleado ni recompensa su esfuerzo cuando la jornada se prolonga. De alcance más efectivo y práctico resulta el pago, por imperio de ley, de una doble retribución por las horas trabajadas en exceso de la jornada legal. Tal medida, a la par que desalienta el empleo en horas extras por razón de la carga económica adicional que impone al patrono, conlleva una compensación más justiciera para el hombre forzado a rendir una jornada mayor.

Se declara por la presente que la política de esta Ley es, mediante el ejercicio de la facultad de la

En 1961, se enmendó el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948[14] mediante la Ley Núm. 121 de 24 de junio, para añadirle que "... todo patrono que emplee o permita que un empleado trabaje durante la hora señalada para tomar los alimentos vendrá obligado a pagarle por dicha hora o fracción de hora un tipo de salario igual al doble del tipo convenido para las horas regulares."

En 1973, la Comisión de Industria y Comercio, y la Comisión del Trabajo, ambas del Senado de Puerto Rico, sometieron a dicho cuerpo legislativo un informe conjunto donde recomendaban la aprobación --con ciertas enmiendas-- del P. de la C. 452, proyecto para enmendar la Ley Núm. 379 de 15 de mayo de 1948, según enmendada.[15] En dicho informe, las referidas Comisiones concluyeron que el hecho de que el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948[16] no estableciera específicamente la hora en que los trabajadores podían tomar sus alimentos, había dado lugar a que los patronos la establecieran a su arbitrio o a que inclusive requirieran a sus empleados

---

Asamblea Legislativa de Puerto Rico para decretar leyes para la protección de la vida, la salud y la seguridad de empleados y obreros, corregir y tan rápidamente como sea posible eliminar las condiciones de explotación del trabajador a base de jornadas excesivas, aumentar los empleos sustancialmente y proveer una mejor compensación al empleado en aquellos casos en que el patrono prolonga la jornada." (Enfasis nuestro.) Ibid.

[14] 29 L.P.R.A. sec. 283.
[15] 29 L.P.R.A. sec. 271, et seq.
[16] 29 L.P.R.A. sec. 283.

trabajar más de seis horas consecutivas sin concederles tiempo para que tomaran sus alimentos. Basándose en lo anterior, las referidas Comisiones señalaron que el establecer, mediante legislación, cuándo el trabajador comenzaría a disfrutar su hora de alimentos <u>garantizaba</u> <u>que a ningún empleado se le obligara a trabajar más de</u> <u>cinco horas consecutivas sin hacer pausa en sus labores</u> <u>para alimentarse.</u>[17]

Así, en 1974 se vuelve a enmendar el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948[18] mediante la Ley Núm. 223 de 23 de julio de 1974. En esta ocasión, entre otras cosas, se añadió al Artículo 14 lo siguiente:

> "El periodo destinado a tomar alimentos
> deberá comenzar a disfrutarse no antes de
> concluida la tercera ni después de comenzada
> la sexta hora de trabajo consecutiva, de
> manera que <u>en ningún momento</u> se requiera a
> los empleados trabajar durante más de cinco
> (5) horas consecutivas sin hacer una pausa
> en las labores para alimentarse." (Enfasis
> nuestro).

La Exposición de Motivos de la referida Ley 223, redactada para efectuar la anterior incorporación al Artículo 14, establece que:

> "El Artículo 14 de la ley actual no
> establece específicamente la hora en que los
> trabajadores podrán tomar sus alimentos.
> Esto ha dado lugar a que cada patrono, a su
> arbitrio, establezca el periodo de tomar
> alimentos en su empresa, <u>dándose casos en</u>

---

[17] Informe Conjunto de la Comisión de Industria y Comercio y la Comisión de Trabajo en torno al P. de la C. 452, con fecha de 5 de mayo de 1973, pág 7.

[18] 29 L.P.R.A. sec. 283.

que se les requiere a los trabajadores
laborar hasta más de seis horas consecutivas
sin habérsele concedido tiempo para tomar
sus alimentos. Esta situación, consideramos,
va en detrimento de la salud de los obreros
y del bienestar general de ellos y sus
familiares. A los fines de corregir la
misma es que se ha propuesto la enmienda al
artículo ya mencionado. Esta fija el
momento de comenzar a disfrutar del periodo
para tomar alimentos en algún momento dentro
de la cuarta y la quinta hora consecutiva de
trabajo, dándole suficiente flexibilidad a
las partes para escoger dentro de esas dos
horas el punto de partida para dicho
descanso y asegurando a la vez que el
descanso quede situado en un punto
intermedio dentro de la jornada de
trabajo."[19]

Es pertinente destacar que, aun antes de la aprobación de la Ley Núm. 223 de 23 de julio de 1974, en el ámbito administrativo era norma establecida que el empleado podía disfrutar de un segundo periodo para tomar alimentos si en la jornada extraordinaria trabajaba más de tres horas consecutivas.[20]

---

[19] Ley Núm. 223, Leyes de Puerto Rico, 1974, pág. 177-178.

[20] Mediante la Consulta Núm. 9460 se solicitó a Rubén Vilches, Sub-Secretario del Trabajo, su opinión en torno al periodo de tomar alimentos prescrito en la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. sec. 271, et seq. El 20 de junio de 1974, en respuesta a dicha consulta éste expresó lo siguiente:

"2. Administrativamente se ha establecido la norma de que el empleado debe comenzar a disfrutar de su periodo para tomar alimentos no antes de concluida la tercera hora consecutiva de trabajo, pero no más tarde de concluída [sic] la quinta hora de trabajo. La ley en sí guarda silencio sobre ese extremo.
3. En armonía con la norma administrativa antes mencionada, somos de la opinión que en las circunstancias que usted expresa el empleado sólo tendrá derecho a otro periodo para tomar sus alimentos si en la jornada extraordinaria trabajase más de tres horas consecutivas. En estas circunstancias, creemos que si no se concede el

Asimismo, con posterioridad a la aprobación de la citada Ley Núm. 223, se reiteró la opinión administrativa a los efectos de que no se debía permitir, en ningún momento, es decir, ni en la jornada regular de trabajo ni en la extraordinaria, que un empleado trabajara más de cinco horas consecutivas sin disfrutar de un periodo de tomar alimentos.[21]

---

disfrute de dicho periodo, el empleado tendrá derecho a que se le compense el mismo como una hora extra de trabajo a tipo doble y también a que se le abone una hora adicional en concepto de la penalidad civil que establece la Ley por el no disfrute de dicha hora." (Enfasis nuestro.)

[21] El 27 de mayo de 1976, Manuel Janer Mendía, Procurador del Trabajo, a raíz de la Consulta Núm. 10028 tuvo la oportunidad de expresarse en cuanto a si el trabajador tiene derecho a un periodo de tomar alimentos adicional al que se le concede durante las horas regulares de trabajo. Basándose en el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. sec. 283, explicó que la intención de la Ley es "que en ningún momento se requiera a los empleados trabajar durante más de cinco horas consecutivas sin hacer una pausa en las labores para alimentarse". (Enfasis nuestro). Añadió lo siguiente:

"Esa norma que prohibe [sic] que se emplee a trabajador alguno por más de cinco horas consecutivas es aplicable tanto durante la jornada regular de trabajo como durante horas extras. No puede afirmarse que el legislador pretendió proteger al trabajador durante las horas regulares y desampararlo por las horas en exceso de la jornada diaria, que es precisamente cuando ya el trabajador ha agotado sus energías por lo que necesita con más urgencia un período de descanso para tomar alimentos y reparar sus fuerzas.
. . . [E]n situaciones . . . en que el empleado trabaja entre dos y seis horas extras, es necesario conceder un período adicional para tomar alimentos. La regla general por tanto es que por cada cinco horas de trabajo del empleado es obligación concederle un período para tomar alimentos de una hora, si tal período no ha sido reducido como dispone la ley." (Enfasis nuestro).

El 10 de diciembre de 1976, Néstor Barbosa Vargas, Procurador del Trabajo Interino, respondió a la Consulta Núm. 10163 mediante la cual se solicitaba su opinión en cuanto al tipo que debía pagarse la hora de tomar alimentos cuando la misma es trabajada y a su vez coincide con tiempo extra sobre la jornada regular de trabajo semanal. El procurador explicó que el trabajador que motivó la

En 1990, nuevamente se enmienda el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948[22] mediante la Ley Núm. 41 de 17 de agosto de 1990. A tenor con la referida enmienda, dicha disposición legal quedó plasmada de la siguiente forma:

> "Los periodos señalados para tomar alimentos que ocurran <u>dentro o fuera de la jornada regular</u> del empleado no serán menores de una (1) hora a menos que por razón de conveniencia para el empleado y por estipulación de éste y su patrono, con la aprobación del Secretario del Trabajo y Recursos Humanos, se fijare un periodo menor. En el caso de los periodos de tomar

consulta tendría derecho a que se le pagara ––por la hora en que debió tomar sus alimentos ese día adicional trabajado–– una suma equivalente a su salario regular por hora multiplicado por 2.5 (el tipo sencillo más la penalidad, completándose así el doble <u>por tratarse de la hora de tomar alimentos</u> y medio tiempo por haber trabajado en exceso de 40 horas) si el empleado usualmente tomaba sus alimentos inmediatamente después de su tercera hora de trabajo; si los tomaba después de la cuarta hora tendría derecho a su salario regular por hora multiplicado por 3 (el tipo sencillo más la penalidad, completándose así el doble <u>por tratarse de la hora de tomar alimentos</u> y una vez adicional por tratarse de horas trabajadas en exceso de 44 a la semana).

Es de notar cómo al hacer el cómputo, el Procurador del Trabajo Interino entendió que en el periodo extraordinario trabajado en exceso del horario semanal regular, el empleado tenía derecho a su hora de tomar alimentos.

El 12 de febrero de 1980, Mario Morales Reyes, Procurador del Trabajo Interino, respondió a la Consulta Núm. 10780 relacionada al pago de la hora para tomar alimentos cuando ésta coincide con una hora extra. Al hacerlo se expresó de la siguiente manera:

> "Este Departamento ha <u>opinado consistentemente</u> que cuando una hora trabajada <u>es a la misma vez hora de tomar alimentos y hora extra de trabajo</u>, la misma debe ser pagada a tipo triple. Debe pagarse a tipo sencillo por haber sido trabajada, se debe pagar una vez más en concepto de hora extra y una vez adicional por resultar hora de tomar alimento." (Enfasis nuestro).

Al llegar a esta conclusión, vemos como el Procurador del Trabajo Interino reconoció el derecho que tiene el empleado a disfrutar de un periodo de tomar alimentos en su jornada extraordinaria de trabajo.

[22] 29 L.P.R.A. sec. 283.

alimentos que ocurran <u>fuera de la jornada regular</u> del empleado, cuando no se trabaja más de dos (2) horas después de la jornada regular, éstos podrán ser obviados sujeto al cumplimiento de los requisitos antes establecidos."

De esta manera, se <u>reconoció</u> expresamente, mediante legislación a esos efectos, la existencia de un periodo de tomar alimentos durante la jornada extraordinaria de trabajo. Resulta necesario enfatizar, sin embargo, que de la Exposición de Motivos de la Ley Núm. 41 de 17 de agosto de 1990[23] <u>surge claramente que el legislador entendía que, previo a la aprobación de esta enmienda, existía el derecho del empleado de disfrutar de su periodo de tomar alimentos fuera de la jornada regular de trabajo, es decir, en la jornada extraordinaria</u>. La mencionada Exposición de Motivos establece:

"Para enmendar el primer párrafo del Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, a los fines de <u>reconocer expresamente</u> periodos de tomar alimentos fuera de la jornada regular de trabajo . . . .
En ánimo de <u>aclarar dudas existentes</u>, esta Asamblea Legislativa estima conveniente <u>reconocer de manera expresa</u> en la ley que pueden [sic] existir más de un periodo para tomar alimentos, o sea dentro de la jornada regular de trabajo y cuando se realiza trabajo en tiempo extraordinario consecutivo a la jornada regular de trabajo, independiente uno del otro . . . .
De esta forma se <u>aclara expresamente</u> la existencia de más de un periodo para tomar alimentos, lo que redundará en beneficio para la clase trabajadora puertorriqueña."[24] (Enfasis nuestro).

---

[23] Ley Núm. 41, Leyes de Puerto Rico, 1990, pág. 170.

Luego de la aprobación de la Ley Núm. 41 de 17 de agosto de 1990, Ruy Delgado Zayas, el entonces Secretario del Trabajo y Recursos Humanos, emitió la Opinión 90-6 de 24 de septiembre de 1990, donde expresó que desde la aprobación de la Ley Núm. 379 de 15 de mayo de 1948[25], dicho Departamento había interpretado que si se trabaja en exceso de la jornada regular de trabajo, se tendría "derecho a un periodo de tomar alimentos al final de cada cinco horas, regulares y extraordinarias, consecutivas de trabajo" y que "con la aprobación de la aludida Ley Núm. 41 de 17 de agosto de 1990[26] se despejaron todas las dudas de algunos sectores en cuanto a ese aspecto". Por otro lado, Delgado Zayas señaló en dicha opinión que, por primera vez, conforme a la Ley Núm. 41 del 17 de agosto de 1990, se podrán obviar aquellos periodos de tomar alimentos que surgieren fuera de la jornada regular de trabajo y que esto solamente se podrá realizar si se cumplen los requisitos establecidos en la Ley.[27]

---

[24] Ibid.

[25] 29 L.P.R.A. sec. 271, et seq.

[26] 29 L.P.R.A. sec. 283.

[27] Posteriormente, mediante Opinión Núm. 7 de 17 de diciembre de 1990 sobre permisos para reducir y para obviar los periodos de tomar alimentos, Ruy Delgado Zayas, Secretario del Trabajo y Recursos Humanos, vuelve a expresar que "[p]ara proteger a los trabajadores de los efectos nocivos a la salud que producen las jornadas prolongadas de trabajo, el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948[, 29 L.P.R.A. sec. 271, et seq.,] establec[ió] el derecho de todo trabajador bajo su protección a disfrutar de periodos de tomar alimentos dentro y fuera de su jornada de trabajo". Añadió que lo que hizo la Ley Núm. 41 de 17 de agosto de 1990, fue aclarar definitivamente, en armonía con la interpretación

En resumen, hemos visto hasta aquí cómo la trayectoria histórica de la ley que estableció el derecho del empleado a disfrutar de un periodo para tomar alimentos nos demuestra que dicho derecho se extendió a la jornada extraordinaria, cuando menos, a partir de la enmienda que la Ley Núm. 223 de julio de 1974 le hiciera al Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948.[28]

Esto es, y como hemos podido notar, desde 1935, el legislador entendió apropiado, en protección al empleado, limitar su jornada de trabajo regular diaria a una de ocho horas con un periodo para tomar alimentos no menor de una hora. Posteriormente, con la aprobación de la Ley Núm. 379 de 15 de mayo de 1948[29], el legislador, utilizando como instrumento la exposición de motivos de dicha legislación, además de señalar que la política de la ley era corregir y eliminar las condiciones de explotación del trabajador, manifestó su preocupación ante la realidad prevaleciente en esa época: los efectos perjudiciales --físicos y emocionales-- que las extensas jornadas de labor estaban teniendo sobre los empleados y sobre su nivel productividad. Aclaró el legislador, en dicha ocasión, que la doble retribución exigida a los

---

del Departamento que él dirige, que el trabajador tiene derecho a ese descanso por lo menos cada cinco horas consecutivas independientemente de que el mismo surja dentro o fuera de su jornada regular de trabajo.

[28] 29 L.P.R.A. sec. 283.

[29] 29 L.P.R.A. sec. 271, et seq.

patronos --en los casos en que el empleado trabajara horas adicionales a las regulares-- no sólo era para compensar a éste de una mejor manera  por su mayor esfuerzo sino <u>para disuadir a los patronos de requerir labores a sus empleados fuera de la jornada regular de trabajo</u>. Luego, en 1961, el Legislador extendió la obligación de un patrono a la doble retribución a situaciones en que éste permitiera que el empleado trabajara durante la hora señalada para tomar alimentos. De esta manera vemos cómo el legislador, mediante la imposición de las penalidades antes mencionadas, demostró su rechazo a que se prive al trabajador de su derecho a un periodo de tomar alimentos.

Varios años después, las dos comisiones senatoriales mencionadas anteriormente rindieron un informe donde expresaron su preocupación con relación a que a los empleados se les estaba requiriendo trabajar más de seis horas consecutivas sin concederles tiempo para que tomaran sus alimentos. Es importante señalar que <u>en ningún momento </u>las comisiones <u>limitaron</u> su inquietud a <u>la jornada regular</u> de trabajo, simplemente se expresaron en torno a la <u>necesidad</u> de que un empleado disfrutara de su periodo de tomar alimentos, como máximo, <u>luego de la quinta  hora de trabajo</u>.

Sería absurdo, además, pensar que las referidas comisiones estuvieran abogando exclusivamente por un

periodo de tomar alimentos dentro de la jornada regular de trabajo, ignorando así la necesidad del empleado en la jornada extraordinaria, que a nuestro entender, es cuando con más urgencia lo necesita para recuperar la fuerza y energía perdida durante su jornada regular. Las mencionadas comisiones legislativas concluyeron que el fijar mediante legislación el momento apropiado para disfrutar de la hora de tomar los alimentos garantizaría que a ningún empleado se le obligara a trabajar más de cinco horas consecutivas sin hacer pausa para alimentarse.

Así, en 1974, el legislador claramente dejó establecido que el momento específico para que un empleado disfrutara de su periodo de tomar alimentos sería no antes de concluida la tercera hora ni después de comenzada la <u>sexta hora consecutiva de trabajo</u>. Añadió, a su vez, que se había dispuesto de esa manera para que "<u>en ningún momento</u>" se requiriera a los empleados trabajar durante más de cinco horas consecutivas sin hacer una pausa en las labores para alimentarse. Como podemos notar, <u>el legislador en momento alguno hizo referencia a que este periodo para tomar alimentos se limitaba específicamente a la jornada regular de trabajo</u>. Por el contrario, claramente expresó que en <u>ningún momento</u> debía permitirse al empleado trabajar más de cinco horas sin que disfrutara de su hora de tomar

alimentos. Más aún, en la exposición de motivos de la citada Ley 223 que estableció lo anterior, se expresó que la actuación de los patronos al requerir al empleado trabajar más de seis horas consecutivas va en detrimento de la salud y del bienestar general de los obreros y que el propósito de la ley es corregir dicha situación.

Es por estas razones, entre otras, que nos reafirmamos en que sería ilógico pensar que el legislador pretendió que este periodo de tomar alimentos aplicara únicamente a la jornada regular. De ser ello así se estaría incurriendo en el absurdo de implicar: 1) que al empleado, luego de transcurridas ocho horas de labor y varias adicionales, no le hace falta un segundo periodo de descanso y 2) que si no se toma el descanso en la jornada regular se afecta su salud y bienestar general, pero si lo omite en la jornada extraordinaria no.

Nuestra conclusión encuentra apoyo, además, en lo ocurrido en 1990. En dicha fecha el legislador <u>reconoció</u> expresamente la existencia del derecho de un empleado a disfrutar de un periodo para tomar alimentos fuera de la jornada regular de trabajo; es decir, en la jornada extraordinaria. Utilizamos el vocablo "reconoce", y no "establece", porque el lenguaje de la exposición de motivos así lo expresa. <u>Esta señala, además, que en ánimo de aclarar dudas existentes, la Asamblea Legislativa estimó conveniente reconocer expresamente la</u>

existencia del derecho aludido. Esto es, la Asamblea Legislativa no establece el derecho desde ese momento sino que reconoce su existencia previa.

Por otro lado, no debe perderse de vista que esta legislación es una de carácter remedial. Resulta ser un principio reiterado que esta clase de leyes han de interpretarse, de manera liberal, a favor de aquéllos a quienes las mismas intentan proteger; en la situación ante nuestra consideración, ello significa a favor del derecho de los trabajadores a tener un período de toma de alimentos en la jornada extraordinaria de trabajo. Véase: Torres González v. Star Kist Caribe, Inc., Opinión y Sentencia de 28 de enero de 1994; Agosto Serrano v. F.S.E., Opinión y Sentencia de 8 de marzo de 1993; Beauchamp v. Holsum Bakers of P.R., 116 D.P.R. 522, 527 (1985); Martínez v. Tribunal Superior, 104 D.P.R. 407, 411 (1975); Vélez, Admor. v. Comisión Industrial, 91 D.P.R. 480, 485 (1964).

Por último, tenemos que en varias ocasiones los directivos o Secretarios del Departamento del Trabajo y Recursos Humanos, en opiniones emitidas con anterioridad y con posterioridad a la enmienda de 1974, coincidieron todos en la existencia del derecho a disfrutar de un período de tomar alimentos en la jornada extraordinaria previo a la enmienda efectuada en 1990. Es norma reiterada de este Tribunal "que merece deferencia

substancial la interpretación del organismo al cual le compete administrar un estatuto, y que tal interpretación no necesita ser la única [para que] merezca esa deferencia, bastando con que sea razonable y consistente con el propósito legislativo". (Enfasis nuestro). Comisionado de Seguros de P.R. v. General Accident Insurance Co. of P.R. Ltd., Opinión y Sentencia de 28 de enero de 1993; De Jesús v. Departamento de Servicios Sociales, 123 D.P.R. 407, 417-418 (1989); Ortiz Alvarez v. Junta de Condómines, 121 D.P.R. 807, 819-820 (1988); Asoc. Médica de P.R. v. Cruz Azul, 118 D.P.R. 669, 678 (1987); A.R.P.E. v. Ozores, 116 D.P.R. 816, 821 (1986); Tormos y D.A.C.O. v. F.R. Technology 116 D.P.R. 153, 160 (1985); M.S.V. Orthodontics v. Negociado Seguridad Empleo, 115 D.P.R. 183, 188-189 (1984). La interpretación del Departamento del Trabajo y Recursos Humanos en cuanto a la legislación pertinente a este caso es una razonable y, según ya hemos visto, consistente con el propósito legislativo; por lo tanto, merece nuestra deferencia.

En relación con ello, resulta imperativo aclarar que el resolver que previo a la enmienda incorporada por la Ley Núm. 41 de 17 de agosto de 1990 existía el derecho de un empleado a un periodo de tomar alimentos dentro y fuera de la jornada regular de trabajo, no significa que

estamos dando un efecto retroactivo a la referida enmienda de 1990.

Se dice que una ley es retroactiva "cuando se aplica a los actos jurídicos realizados bajo el imperio de la ley antigua y a las situaciones jurídicas nacidas bajo la vigencia de aquélla".[30] El Código Civil de Puerto Rico, en su Artículo 3, establece que "[l]as leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario".[31] Al interpretar esta disposición, este Tribunal ha expresado que una enmienda de carácter sustantivo a una ley, tiene efecto prospectivo a menos que expresamente se diga lo contrario y no perjudique derechos adquiridos al amparo de una legislación anterior.[32]

En virtud de lo que precede, concluimos que ante los hechos del caso de autos no cabe hablar de retroactividad. La enmienda contenida en la Ley Núm. 41 de 17 de agosto de 1990 no crea o establece un nuevo derecho sustantivo <u>sino que aclara la existencia de un derecho del cual muchos trabajadores de nuestro país por años ya habían venido disfrutando</u>.

En vista a todo lo anteriormente expuesto, <u>resolvemos que, cuando menos, a partir de la aprobación</u>

---

[30] L. Díez-Picazo y A. Gullón, <u>Sistema de Derecho Civil,</u> 7ma ed., Madrid, Editorial Tecnos, S.A., 1989, vol. I, pág. 127.

[31] 31 L.P.R.A. sec. 3.

[32] <u>López</u> v. <u>South P.R. Sugar Co.</u>, 62 D.P.R. 238, 242 (1943).

de la Ley Núm. 223 de 23 de julio de 1974, quedó establecido en nuestra jurisdicción el derecho de un empleado a disfrutar de un período de tomar alimentos tanto en la jornada regular de trabajo como en la jornada extraordinaria.

Por los fundamentos anteriormente expuestos, procede dictar Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones, la cual desestimó la causa de acción de los apelantes en relación a cualquier periodo anterior al 17 de agosto de 1990; devolviéndose el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LOPEZ
Juez Asociado

EN TRIBUNAL SUPREMO DE PUERTO RICO

ANA E. ACEVEDO ARROYO Y
**OTROS**

   **Demandante-Apelante**

              **v.**

**PUERTO RICO SUN OIL CO.**

   Demandada-Apelada

AC-96-46

SENTENCIA

**San Juan, Puerto Rico a 15 de junio de 1998**

   **Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de emitida por el Tribunal de Circuito de Apelaciones y se devuelve el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.**

   **Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.**

                    **Isabel Llompart Zeno**
               Secretaria del Tribunal Supremo