OLGA COLÓN CLAUDIO, demandante y peticionaria, *v.* SYNTEX PUERTO RICO, INC., demandada y recurrida.

*Número:* CC-2003-618      *Resuelto:* 18 de junio de 2004

*Luis R. Mellado*, abogado de la parte peticionaria; *Rafael E. Aguiló Vélez*, abogado de la parte recurrida.

PER CURIAM: En este caso se nos solicita que revisemos

una sentencia dictada por el Tribunal de Apelaciones,[1] mediante la cual se confirmó la denegatoria del Tribunal de Primera Instancia de reconocer a la parte querellada una reclamación por labor realizada durante periodos destinados para tomar alimentos en la jornada extraordinaria de trabajo.

## I

Luego de laborar por cierto tiempo como empleada temporera de Syntex Puerto Rico, Inc. (Syntex), la Sra. Olga Colón Claudio fue reclutada como empleada regular en abril de 1980. Al ser reclutada como empleada regular, se le requirió que firmara una solicitud dirigida al Secretario del Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico (Secretario del Trabajo) para que le permitiera reducir el periodo para tomar alimentos de una hora a treinta minutos. Según dicha solicitud, la señora Colón Claudio se beneficiaría con el cambio al poder salir del trabajo más temprano, disfrutar más cómodamente de la cafetería y obtener transportación pública. El Secretario del Trabajo concedió el permiso solicitado con fecha de efectividad retroactiva al 7 de mayo de 1980.

*En julio de 1994*, la señora Colón Claudio firmó otra solicitud dirigida al Secretario del Trabajo. Esta vez para reducir el periodo para tomar alimentos en la *jornada extraordinaria* y para obviarlo cuando la *jornada extraordinaria* no se exceda de dos horas diarias. En esta solicitud expresó como razón de conveniencia para la reducción del periodo destinado para tomar alimentos el llegar más temprano a la casa. El Secretario del Trabajo concedió el permiso, según solicitado con fecha de efectividad retroactiva

---

[1] A partir de la aprobación de la Ley de la Judicatura del Estado Libre Asociado de 2003, Ley Núm. 201 de 22 de agosto de 2003 (4 L.P.R.A. sec. 24 *et seq.*), y del Reglamento Transitorio para el Tribunal de Apelaciones aprobado el 18 de noviembre de 2003, *In re Reglamento Transitorio T.A.*, 160 D.P.R. 680 (2003), el anterior Tribunal de Circuito de Apelaciones se conoce ahora como el Tribunal de Apelaciones.

al 2 de agosto de 1994. Tres meses más tarde, en octubre de 1994, Syntex despidió a la señora Colón Claudio.

Así las cosas, el Secretario del Trabajo presentó ante el Tribunal de Primera Instancia una querella sobre reclamación de salarios al amparo del procedimiento sumario especial de la Ley Núm. 2 de 17 de octubre de 1961[2] en representación de la señora Colón Claudio. Alegó que Syntex adeudaba a la señora Colón Claudio la suma de $12,656.60 en concepto de salarios devengados y no percibidos desde noviembre de 1984 hasta octubre de 1994, incluido. Fundamentó la reclamación en la Ley Núm. 379 de 15 de mayo de 1948[3] debido a que, según sostuvo, la señora Colón Claudio trabajó para las fechas señaladas durante un segundo periodo para tomar alimentos sin ser compensada conforme a derecho.

Tras varios trámites procesales, la representación legal del Departamento del Trabajo y Recursos Humanos renunció a la representación legal de la señora Colón Claudio en vista de que ésta no aceptó en transacción la suma de $266.96 en concepto del periodo para tomar alimentos y horas extras. Esta cantidad resultó de la auditoría que realizara el Investigador de Normas III del Departamento del Trabajo, Sr. Roberto Castro Márquez. En la etapa de la vista transaccional, la señora Colón Claudio decidió impugnar los resultados de la referida auditoría. En consecuencia, se eliminó la comparecencia del Secretario del Trabajo en el caso de autos y la señora Colón Claudio contrató un nuevo representante legal para la continuación de los procedimientos.

En la vista del juicio en su fondo, según consta en la exposición narrativa de la prueba estipulada, la señora Colón Claudio declaró, en cuanto a lo aquí pertinente, que entre octubre de 1984 a octubre de 1994 trabajó horas ex-

---

[2] 32 L.P.R.A. sec. 3118 *et seq.*

[3] Conocida como Ley de Horas y Días de Trabajo, 29 L.P.R.A. sec. 271 *et seq.*, según enmendada.

tras aproximadamente cuatro días de la semana, de dos a cuatro horas extras diarias, las cuatro semanas del mes, periodo durante el cual no se le concedió tiempo para tomar alimentos. De la exposición narrativa también surge, como expresamos anteriormente, que el investigador Roberto Castro Márquez, del Negociado de Normas de Trabajo del Departamento del Trabajo, auditó los expedientes de nómina de la señora Colón Claudio en Syntex para el periodo comprendido entre el 24 de noviembre de 1984 hasta el 24 de octubre de 1994. En la auditoría se concluyó que, para el periodo en controversia, Syntex adeudaba a la querellante la suma de $266.96 en concepto de periodo para tomar alimentos y horas extras. En cuanto al alcance de la auditoría, el señor Castro Márquez testificó que en su investigación no calculó indemnización alguna en concepto del trabajo realizado durante el período para tomar alimentos en la *jornada extraordinaria previo al 1990* por entender que anterior a esa fecha no procedía reclamar un segundo período para tomar alimentos.

De igual forma, el tribunal de instancia expresó que la auditoría del Departamento del Trabajo no tomó en consideración el segundo periodo para tomar alimentos durante la jornada extraordinaria *previo* a la efectividad de la enmienda a la Ley de Horas y Días de Trabajo, mediante la Ley Núm. 41 de 17 de agosto de 1990. Aclaró, sin embargo, que la auditoría sí consideró la compensación debida a Colón Claudio por un segundo periodo para tomar alimentos desde la efectividad de dicha enmienda, el 17 de agosto de 1990 hasta el 2 de agosto de 1994, fecha cuando el Secretario del Trabajo concedió a la señora Colón Claudio el permiso para reducir u obviar el periodo para tomar alimentos durante la *jornada extraordinaria* de trabajo.

Celebrado el juicio en su fondo, el tribunal de instancia determinó que la reclamación de la señora Colón Claudio del pago de un segundo periodo para tomar alimentos trabajado durante la jornada extraordinaria no procedía de-

bido a que Syntex no lo concedió al actuar de buena fe conforme al resultado final y firme del caso ante el Tribunal de Primera Instancia *Asoc. de Industriales v. Sec. del Trabajo*, caso Civil Núm. 84–6364(906).[4] En este caso sobre sentencia declaratoria, se resolvió que la Ley de Horas y Días de Trabajo no concedía un segundo periodo para tomar alimentos durante la jornada extraordinaria previo a la enmienda de su Art. 14 mediante la Ley Núm. 41, *supra*. El foro de instancia razonó que al ser Syntex un miembro de la Asociación de Industriales podía cobijarse en dicho dictamen judicial, el cual era de igual forma extensivo a la situación de la señora Colón Claudio, ya que el Secretario del Trabajo había comparecido en representación de El Pueblo de Puerto Rico.

Conforme a lo anterior, el tribunal de instancia denegó aplicar la opinión de este Tribunal en *Acevedo v. P.R. Sun Oil Co.*, 145 D.P.R. 752 (1998), en la que resolvimos que el derecho del empleado a un periodo para tomar alimentos durante la jornada extraordinaria ha existido desde, por lo menos, 1974. El foro de instancia, no obstante, estimó que este caso no tiene aplicación retroactiva y que en su lugar debía prevalecer el dictamen de *Asoc. de Industriales v. Sec. del Trabajo*, caso Civil Núm. 84–6364(906), en cuanto a las reclamaciones de un segundo periodo para tomar alimentos que surgieron antes de la enmienda a la Ley de Horas y Días de Trabajo en 1990. Por lo tanto, el tribunal dictó sentencia en la que impuso a Syntex el pago de $266.96 a la señora Colón Claudio, más una suma igual en concepto de liquidación de daños y perjuicios, según dispone el Art. 13 de la Ley de Horas y Días de Trabajo,

---

[4] En cuanto a la solicitud de la señora Colón Claudio al Secretario del Trabajo para reducir su periodo para tomar alimentos de una a media hora durante la jornada regular, el tribunal de instancia concluyó que fue una solicitud válida que liberó al patrono de su obligación legal de pagar ese periodo al doble del tipo convenido para las horas regulares. Véase 29 L.P.R.A. sec. 283.

29 L.P.R.A. sec. 282.([5]) Por último, y a la luz del resultado del caso, instancia denegó conceder las costas, los gastos y los honorarios de abogado a la señora Colón Claudio.

De este dictamen, la señora Colón Claudio acudió ante el Tribunal de Apelaciones. Con el beneficio de la comparecencia de Syntex y la exposición narrativa de la prueba estipulada, el foro apelativo resolvió modificar la sentencia apelada en cuanto a la imposición de honorarios de abogado y confirmarla en todo lo demás. Oportunamente, Colón Claudio presentó una solicitud de *certiorari* ante nos. Luego de evaluar sus argumentos, el 10 de octubre de 2003 le concedimos a Syntex un término de veinte días para que mostrara causa por la cual no debíamos revocar la sentencia dictada por el foro apelativo intermedio en este caso. A la fecha, Syntex no ha cumplido con nuestra orden de mostrar causa por lo que damos por sometido el caso y pasamos a resolver la controversia planteada.

Debemos determinar si, a la luz de la evidencia presentada ante el tribunal de instancia, la señora Colón Claudio tiene una reclamación meritoria por un segundo periodo para tomar alimentos trabajado durante la jornada extraordinaria. Veamos.

## II

La Ley de Horas y Días de Trabajo fue aprobada para establecer la jornada de trabajo y, entre otras cosas, fijar los periodos de descanso, imponer deberes a los patronos y señalar penalidades por la violación de sus

---

([5]) El Art. 13 de la Ley de Horas y Días de Trabajo, 29 L.P.R.A. sec. 282, dispone, entre otras cosas, que:

"Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar los alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogados del procedimiento."

disposiciones. 29 L.P.R.A. sec. 271 *et seq.* En general véase, además, R.N. Delgado Zayas, *Apuntes para el estudio de la legislación protectora del trabajo en el derecho laboral puertorriqueño,* San Juan, [sin Ed.], 2001, pág. 55 *et seq.*

En cuanto al periodo destinado para tomar alimentos, el Art. 15 de la Ley de Horas y Días de Trabajo, *supra,* provee, entre otras cosas, que:

> *Los periodos señalados para tomar los alimentos que ocurran dentro o fuera de la jornada regular del empleado pueden ser menores de una hora. Si por razón de conveniencia mutua para el empleado y su patrono, y por estipulación escrita de ambos, se fijare un periodo menor éste no podrá nunca ser menor de treinta (30) minutos ....* En el caso de los periodos de tomar alimentos que ocurran fuera de la jornada regular del empleado, cuando no se trabaja más de dos (2) horas después de la jornada regular, *éstos podrán ser obviados mediante acuerdo escrito entre empleado y patrono,* para beneficio mutuo y sin la intervención del Secretario del Trabajo y Recursos Humanos.
>
> . . . . . . . .
> El periodo destinado a tomar los alimentos deberá comenzar a disfrutarse no antes de concluida la tercera ni después de comenzada la sexta hora de trabajo consecutiva, de manera que *en ningún momento se requiera a los empleados trabajar durante más de cinco (5) horas consecutivas sin hacer una pausa en las labores para alimentarse ....*
> *Todo patrono que emplee o permita que un empleado trabaje durante el periodo destinado para tomar los alimentos vendrá obligado a pagarle por dicho periodo o fracción del mismo un tipo de salario igual al doble del tipo convenido para las horas regulares.* En aquellos casos en que, de acuerdo a las disposiciones de esta sección, el periodo destinado para tomar los alimentos sea reducido a un periodo menor de una hora, el patrono vendrá obligado a pagar dicho tipo de salario al doble del tipo convenido para las horas regulares únicamente si emplea o permite que un empleado trabaje durante el periodo al cual ha sido reducida la hora señalada para tomar alimentos. (Énfasis suplido.)

Este artículo dispone la duración mínima del periodo que se le debe conceder a un empleado para tomar alimentos y cuándo debe concedérsele dentro de la jornada de trabajo regular o extraordinaria. Permite que, por razones

de conveniencia, el empleado acuerde con el patrono la reducción de dicho período. En caso de que el empleado tenga que trabajar el periodo para tomar alimentos, se dispone que se le deberá pagar un tipo de salario igual al doble del tipo convenido para las horas regulares cuando no exista un acuerdo para reducir dicho periodo o, cuando habiendo acuerdo válido, se trabaje el periodo al cual fue reducido.

El texto actual de dicha ley es resultado de varias enmiendas. La Ley Núm. 223 de 23 de julio de 1974 enmendó parcialmente el citado Art. 15 de la Ley de Horas y Días de Trabajo, *supra*, anteriormente Art. 14, para especificar cuándo los trabajadores podrían tomar sus alimentos y así corregir la práctica de los patronos de establecer a su arbitrio el periodo para tomar alimentos. Esta ley fijó la hora de comenzar a disfrutar del periodo para tomar alimentos en algún momento de la cuarta y la quinta hora consecutivas de trabajo, de manera que las partes tengan flexibilidad suficiente para acordar dentro de esas dos horas el punto de comienzo de dicho descanso y de esa manera asegurar que éste quede situado en un punto intermedio dentro de la jornada de trabajo. Véase la Exposición de Motivos de la Ley Núm. 223 (1974 Leyes de Puerto Rico 177–178).

Por su parte, la Ley Núm. 41, *supra*, 29 L.P.R.A. sec. 283, enmendó el primer párrafo de este mismo Art. 15 para *reconocer expresamente* periodos para tomar alimentos fuera de la jornada de trabajo regular y para reglamentar dichos periodos con el fin de que el trabajador y el patrono pudiesen acordar su reducción u obviar su disfrute en determinadas situaciones, siempre que sea para conveniencia del trabajador y se obtenga la aprobación del Secretario del Trabajo. Véase la Exposición de Motivos de la Ley Núm. 41, *supra*, 1990 Leyes de Puerto Rico 169–172.

■ Referente a esta enmienda del citado Art. 15 en 1990, en *Acevedo v. P.R. Sun Oil Co.*, supra, precisamos su

propósito aclaratorio en cuanto al derecho del empleado a un segundo periodo para tomar alimentos fuera de la jornada regular, es decir, durante la jornada extraordinaria. Luego de un análisis histórico detallado de todas las enmiendas hechas al referido artículo, concluimos que el derecho a un segundo periodo para tomar alimentos durante la jornada extraordinaria ha existido "cuando menos, a partir de la enmienda que la Ley Núm. 223 de julio de 1974 le hiciera al Art. 14 [hoy Art. 15] de la Ley [de Horas y Días de Trabajo]". Íd., pág. 765. Para esta conclusión también nos apoyamos en la enmienda que se le hiciera a la ley en 1990. Íd., pág. 767–768. En esa ocasión se enmendó "el primer párrafo del Artículo 14 de la Ley [de Horas y Días de Trabajo] a los fines de *reconocer expresamente* períodos [sic] de tomar alimentos fuera de la jornada regular de Trabajo ...". Exposición de Motivos de la Ley Núm. 41, *supra*, 1990 Leyes de Puerto Rico 169. A esos efectos, se expresó además:

> En ánimo de aclarar dudas existentes, esta Asamblea Legislativa estima conveniente *reconocer de manera expresa* en la ley que puede ... existir más de un período para tomar alimentos, o sea dentro de la jornada regular de trabajo y cuando se realiza trabajo en tiempo extraordinario consecutivo a la jornada regular de trabajo, independiente uno del otro ....
> *De esta forma se aclara expresamente la existencia de más de un periodo para tomar alimentos ....* 1990 Leyes de Puerto Rico 169–170.

Como vemos, y según resolvimos en *Acevedo v. P.R. Sun Oil Co.*, supra, en 1990 la Asamblea Legislativa no estableció el derecho a un segundo período para tomar alimentos, sino que reconoció expresamente su *existencia previa.* Con relación a esto, en el caso citado expusimos que durante el proceso legislativo de enmiendas a la Ley de Horas y Días de Trabajo previo a 1990:

> [E]l legislador en momento alguno hizo referencia a que este periodo para tomar alimentos se limitaba específicamente a la

jornada regular de trabajo. Por el contrario, *claramente expresó que en ningún momento debía permitirse al empleado trabajar más de cinco (5) horas sin que disfrutara de su hora de tomar alimentos.* Más aún, en la exposición de motivos de la citada Ley Núm. 223 que estableció lo anterior, se expresó que la actuación de los patronos al requerir al empleado trabajar más de seis (6) horas consecutivas va en detrimento de la salud y del bienestar general de los obreros y que el propósito de la ley es corregir dicha situación.

*Es por estas razones, entre otras, que nos reafirmamos en que sería ilógico pensar que el legislador pretendió que este periodo de tomar alimentos aplicara únicamente a la jornada regular. De ser ello así se estaría incurriendo en el absurdo de implicar: (1) que al empleado, luego de transcurridas ocho (8) horas de labor y varias adicionales, no le hace falta un segundo periodo de descanso, y (2) que si no se toma el descanso en la jornada regular se afecta su salud y bienestar general, pero si lo omite en la jornada extraordinaria no.* (Énfasis en el original suprimido y énfasis suplido.) *Acevedo v. P.R. Sun Oil Co.*, supra, pág. 767.

Por último, es preciso resaltar que en *Acevedo v. P.R. Sun Oil Co.*, supra, dispusimos claramente que en situaciones como ésta no cabe hablar de aplicación retroactiva de la ley, pues la enmienda de 1990 no creó ni estableció un nuevo derecho sino que reconoció su existencia. Íd., págs. 769–770. Por lo tanto, indicamos que la norma allí expresada "no significa que estamos dando un efecto retroactivo a la referida enmienda de 1990". Íd. Por el mismo razonamiento es incorrecto considerar, de igual forma, si *Acevedo v. P.R. Sun Oil Co.*, supra, tiene o no aplicación retroactiva debido a que en ese caso no reconocimos la existencia de un derecho nuevo, sino que reiteramos un derecho existente desde hacía décadas.

Visto lo anterior, examinemos los hechos del caso de autos.

## III

De la exposición narrativa estipulada de la prueba del presente caso surge que la señora Colón Claudio pudo ha-

ber trabajado más de cinco horas consecutivas fuera de la jornada ordinaria sin disfrutar de un segundo periodo para tomar alimentos y *sin haber renunciado a éste con anterioridad a agosto de 1994*. Referente a esta reclamación, Colón Claudio testificó que entre octubre de 1984 a octubre de 1994 trabajó de dos a cuatro horas extras diarias durante cuatro días de la semana aproximadamente, las cuatro semanas del mes, periodo durante el cual no se le concedió tiempo para tomar alimentos. De igual forma, consta que en la auditoría realizada por el Departamento del Trabajo no se consideró la reclamación de la señora Colón Claudio de un segundo periodo para tomar alimentos durante la jornada extraordinaria por haberse entendido que, según el estado de derecho vigente para el periodo reclamado, no había que concederle compensación.

El argumento principal de Syntex para afirmar que el derecho a un segundo periodo para tomar alimentos no aplica al caso de autos es que existe a su favor una sentencia declaratoria en la que se establece que bajo la Ley de Horas y Días de Trabajo no hay obligación de conceder un segundo periodo para tomar alimentos previo al 1990. Por ello, sostiene que no se debe dar aplicación retroactiva a la norma de *Acevedo v. P.R. Sun Oil Co.*, supra. No le asiste la razón. Como expresamos anteriormente, *Acevedo v. P.R. Sun Oil Co.*, supra, reconoció que con la enmienda de 1990 la Ley de Horas y Días de Trabajo estableció expresamente el derecho a disfrutar de un periodo para tomar alimentos durante las horas extras. Empero, la Asamblea Legislativa aclaró con la misma enmienda que dicho derecho existía desde fecha anterior. Según expusimos, ese derecho ha existido desde por lo menos 1974, cuando se enmendó la ley para proveer que en *ningún momento* debe requerirse al empleado que trabaje más de cinco horas consecutivas sin un receso para tomar alimentos.

En consecuencia, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones erraron al no reconocer

que la señora Colón Claudio podía tener una reclamación válida en virtud de su derecho a un segundo periodo para tomar alimentos, según provisto en la enmienda hecha en 1974 a la Ley de Horas y Días de Trabajo. En el caso de autos se debió hacer una determinación específica de las horas que la señora Colón Claudio trabajó en la jornada extraordinaria y, a la luz de ello, determinar si pudo haber tenido derecho al segundo periodo para tomar alimentos fuera de la jornada de trabajo regular.

No nos persuade el argumento de que si el patrono descansó de buena fe en una sentencia declaratoria, el empleado pierde su derecho a ser indemnizado justamente por su trabajo y a disfrutar de las protecciones que se le reconocen en ley. La sentencia declaratoria del tribunal de instancia en *Asoc. de Industriales v. Sec. del Trabajo*, supra, es inaplicable en el caso ante nos. Se trata de una sentencia de un tribunal inferior dictada en 1984, previo a nuestra decisión en *Acevedo v. P.R. Sun Oil Co.*, supra. Además, en dicho caso ni la señora Colón Claudio ni Syntex fueron partes. Por lo tanto, a pesar de la existencia de la referida sentencia declaratoria, la señora Colón Claudio podría tener derecho a compensación en virtud de la Ley Núm. 223, *supra*, y conforme al testimonio vertido y no refutado en la vista del juicio en su fondo. Para determinar lo anterior, es menester que se revisen los registros de nóminas que fueron considerados en la auditoría del Departamento del Trabajo a los fines de determinar si la señora Colón Claudio efectivamente trabajó, fuera de la jornada regular, tiempo suficiente para ser acreedora de indemnización por un segundo periodo para tomar alimentos trabajado de noviembre de 1984 a octubre de 1994.

## IV

Por los fundamentos que anteceden, resolvemos que erró el Tribunal de Apelaciones al confirmar aquella parte

de la sentencia del Tribunal de Primera Instancia que declara sin lugar la reclamación de la señora Colón Claudio en cuanto al pago por el periodo para tomar alimentos trabajado durante la jornada extraordinaria. Por lo tanto, *se expide el auto de "certiorari" solicitado, se revoca parcialmente la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.*

*Se dictará la sentencia correspondiente.*