RESOLUCIÓN EN RECONSIDERACIÓN
Comparece la apelante Marta Rodríguez Rentas y solicita la reconsideración de una Sentencia dictada por este Tribunal el 28 de agosto de 2009. En la misma, este Tribunal modificó la sentencia dictada por el Tribunal de Primera Instancia en un *634 pleito por despido injustificado, horas extras, bono de Navidad y horas de alimentos instado por la apelante contra los apelados C.A. Validation Services, Inc., Wilma Gándara Gorrits, Carlos Álvarez, y la sociedad legal de gananciales compuesta por ambos.
I
En su petición de Reconsideración, alega la parte apelante que la sentencia emitida por este Tribunal nada expresó sobre las alegaciones en cuanto al bono de navidad ni en cuanto a la imposición de honorarios de abogado, que según alegó, son compulsorios a razón de un 25%. Por ello solicitó una enmienda en cuanto al bono de Navidad de $38-.28, [sic] y que se otorgue el 25% de la partida concedida por este Tribunal al modificar la sentencia de instancia, ascendente a $2,337.00.
n
La Ley Núm. 2 de 17 de octubre de 1961, en su sección 3115, 32 L.P.R.A sec.3132, establece que en todo caso radicado ante los tribunales de Puerto Rico por un trabajador o empleado en que se reclame cualquier derecho o suma de dinero contra su patrono y que se conceda la reclamación en todo o en parte, se condenará al patrono al pago de honorarios de abogado. 32 L.P.R.A §3132.
Por su parte, la Ley de Horas y Días de Trabajo, Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. see. 271 et seq., también dispone expresamente que aquel empleado que reciba una compensación menor a la debida para las horas regulares y horas extras de trabajo o para el período señalado para tomar alimentos, tendrá derecho a recobrar de su patrono la cantidad adeudada por medio de una acción civil, así como una suma igual por concepto de daños y perjuicios, además de las costas, gastos y honorarios de abogado. Art. 14, Ley Núm. 379, supra, sec. 282. Véase, además, Acevedo v. P. R. Sun Oil Co., 145 D.P.R. 752, 760 (1998).
Sobre este mismo elemento de honorarios, la Ley Núm. 80 del 30 de mayo de 1976, según enmendada, en su Artículo 11, 29 L.P.R.A., sec. 185k(b), dispone que cuando el tribunal crea que el despido fue sin justa causa, ordenará al patrono depositar una suma a tal efecto no menor del quince por ciento (15%) del total de la compensación del trabajador o cien dólares, la que resulte mayor.
III
A la luz del derecho antes esbozado, reconsideramos la sentencia dictada a los efectos de otorgar el 25% de la partida concedida por horas extras trabajadas ($2,754.00), daños ($2,754.00) y la compensación por haberse efectuado el pago del bono en forma tardía ($125.00), según modificadas por este Tribunal, esto es, el 25% de $5,633.00, para un total de $1,408.25. Esto, en vista de que ese fue el por ciento concedido por el foro de instancia para estas reclamaciones.
Este Tribunal, sin embargo, también modificó la sentencia en cuanto concedió a la parte apelante la mesada, por entender que se configuró el despido injustificado en el caso. Al amparo del Artículo 11 de la Ley Núm. 80, supra, se otorga como honorarios de abogado el 15% de la partida concedida por concepto de mesada ($3,840.00), esto es $576.00.
En cuanto a la solicitud de la parte apelante sobre las alegaciones del bono de Navidad, la parte apelante no nos ha puesto en posición de expresarnos sobre las mismas, toda vez que en su escrito original de apelación no hay señalamiento de error al respecto.
IV
Por todo lo anterior, se declara con lugar la reconsideración y se modifica la sentencia del 28 de agosto de 2009.
Lo acordó y manda el Tribunal y lo certifica la Señora Secretaria del Tribunal.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones