EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Olga Colón Claudio<br><br>    Demandante-Peticionario<br><br>v.<br><br>Syntex Puerto Rico, Inc.<br><br>    Demandado-Recurrido | Certiorari<br><br>2004 TSPR 104<br><br>161 DPR \_\_\_\_ |

Número del Caso: CC-2003-618

Fecha: 18 de junio de 2004

Tribunal de Circuito de Apelaciones:

Circuito Regional VI

Juez Ponente:
Hon. Frank Rodríguez García

Abogado de la Parte Peticionaria:

Lcdo. Luis R. Mellado González

Abogado de la Parte Recurrida:

Lcdo. Rafael E. Aguiló Vélez

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Olga Colón Claudio

   Demandante Peticionario

   v.                                    CC-2003-618    Certiorari

Syntex Puerto Rico, Inc.

   Demandado Recurrido

PER CURIAM

San Juan, Puerto Rico, a 18 de junio de 2004.

En este caso se nos solicita que revisemos una sentencia dictada por el Tribunal de Apelaciones[1] mediante la cual se confirmó la denegatoria del Tribunal de Primera Instancia de reconocer a la parte querellada una reclamación por labor realizada durante periodos destinados para tomar alimentos en la jornada de trabajo extraordinaria.

---

[1] A partir de la aprobación de la Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, y del Reglamento Transitorio Para el Tribunal de Apelaciones aprobado el 18 de noviembre de 2003, 2003 TSPR 167, el anterior Tribunal de Circuito de Apelaciones se conoce ahora como Tribunal de Apelaciones.

I

Luego de laborar por cierto tiempo como empleada temporera de Syntex Puerto Rico, Inc. (en adelante Syntex), la Sra. Olga Colón Claudio fue reclutada como empleada regular en abril de 1980. Al ser reclutada como empleada regular, se le requirió que firmara una solicitud dirigida al Secretario del Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico (en adelante Secretario del Trabajo) para que le permitiera reducir el periodo para tomar alimentos de una (1) hora a treinta (30) minutos. Según dicha solicitud, la señora Colón Claudio se beneficiaría con el cambio al poder salir del trabajo más temprano, disfrutar más cómodamente de la cafetería y obtener transportación pública. El Secretario del Trabajo concedió el permiso solicitado con fecha de efectividad retroactiva al 7 de mayo de 1980.

En julio de 1994, la señora Colón Claudio firmó otra solicitud dirigida al Secretario del Trabajo. Esta vez para reducir el periodo para tomar alimentos en la *jornada extraordinaria* y para obviarlo cuando la *jornada extraordinaria* no se exceda de dos (2) horas diarias. En esta solicitud se expresó como razón de conveniencia para la reducción del periodo destinado para tomar alimentos el llegar más temprano a la casa. El Secretario del Trabajo concedió el permiso según solicitado con fecha de efectividad retroactiva al 2 de agosto de 1994. Tres (3)

meses más tarde, en octubre de 1994, Syntex despidió a la señora Colón Claudio.

Así las cosas, el Secretario del Trabajo presentó ante el Tribunal de Primera Instancia una querella sobre reclamación de salarios al amparo del procedimiento sumario especial de la Ley Núm. 2 de 17 de octubre de 1961[2] en representación de la señora Colón Claudio. Alegó que Syntex adeudaba a la señora Colón Claudio la suma de $12,656.60 por concepto de salarios devengados y no percibidos desde noviembre de 1984 hasta octubre de 1994, incluido. Fundamentó la reclamación en la Ley Núm. 379 de 15 de mayo de 1948[3] debido a que, según sostuvo, la señora Colón Claudio trabajó para las fechas señaladas durante un segundo periodo para tomar alimentos sin ser compensada conforme a derecho.

Tras varios trámites procesales, la representación legal del Departamento del Trabajo y Recursos Humanos renunció a la representación legal de la señora Colón Claudio en vista de que ésta no aceptó en transacción la suma de $266.96 por concepto del periodo para tomar alimentos y horas extras. Esta cantidad resultó de la auditoría que realizara el Investigador de Normas III del Departamento del Trabajo señor Roberto Castro Márquez. En la etapa de la vista transaccional, la señora Colón Claudio

---

[2] 32 L.P.R.A. sec. 3118 *et seq*.

[3] Según enmendada, conocida como Ley de Horas y Días de Trabajo, 29 L.P.R.A. sec. 271 *et seq*.

decidió impugnar los resultados de la referida auditoría. En consecuencia, se eliminó la comparecencia del Secretario del Trabajo en el caso de autos y la señora Colón Claudio contrató un nuevo representante legal para la continuación de los procedimientos.

En la vista del juicio en su fondo, según consta en la exposición narrativa de la prueba estipulada, la señora Colón Claudio declaró en cuanto a lo aquí pertinente, que entre octubre de 1984 a octubre de 1994 trabajó horas extras aproximadamente cuatro días de la semana, de dos (2) a cuatro (4) horas extras diarias, las cuatro (4) semanas del mes, periodo durante el cual no se le concedió tiempo para tomar alimentos. De la exposición narrativa también surge, como expresamos anteriormente, que el Investigador Roberto Castro Márquez del Negociado de Normas de Trabajo del Departamento del Trabajo auditó los expedientes de nómina de la señora Colón Claudio en Syntex para el periodo comprendido entre el 24 de noviembre de 1984 hasta el 24 de octubre de 1994. En la auditoría se concluyó que, para el periodo en controversia, Syntex adeudaba a la querellante la suma de $266.96 por concepto de periodo para tomar alimentos y horas extras. En cuanto al alcance de la auditoría, el señor Castro Márquez testificó que en su investigación no calculó indemnización alguna por concepto del trabajo realizado durante el período para tomar alimentos en la jornada extraordinaria previo al 1990 por

entender que anterior a esa fecha no procedía reclamar un segundo período para tomar alimentos.

De igual forma, el tribunal de instancia expresó que la auditoría del Departamento del Trabajo no tomó en consideración el segundo periodo para tomar alimentos durante la jornada extraordinaria previo a la efectividad de la [enmienda a la Ley de Horas y Días de Trabajo, *supra*, mediante la] Ley 41 de 17 de agosto de 1990. Aclaró, sin embargo, que la auditoría sí consideró la compensación debida a Colón Claudio por un segundo periodo para tomar alimentos desde la efectividad de dicha enmienda, el 17 de agosto de 1990, hasta el 2 de agosto de 1994, fecha en que el Secretario del Trabajo concedió a la señora Colón Claudio el permiso para reducir u obviar el periodo para tomar alimentos durante la *jornada extraordinaria* de trabajo.

Celebrado el juicio en su fondo, el tribunal de instancia determinó que la reclamación de la señora Colón Claudio del pago de un segundo periodo para tomar alimentos trabajado durante la jornada extraordinaria no procedía debido a que Syntex no concedió el mismo al actuar de buena fe conforme al resultado final y firme del caso ante el Tribunal de Primera Instancia Asoc. de Industriales v. Sec. del Trabajo, Civil Núm. 84-6364 (906).[4] En este caso sobre

---

[4] En cuanto a la solicitud de la señora Colón Claudio al Secretario del Trabajo para reducir su periodo para tomar alimentos de una (1) a media (1/2) hora durante la jornada regular, el tribunal de instancia concluyó que fue una válida que liberó al patrono de su obligación legal de

sentencia declaratoria se resolvió que la Ley de Horas y Días de Trabajo, *supra*, no concedía un segundo periodo para tomar alimentos durante la jornada extraordinaria previo a la enmienda de su Art. 14 mediante la Ley 41 de 17 de agosto de 1990. El foro de instancia razonó que al ser Syntex un miembro de la Asociación de Industriales podía cobijarse en dicho dictamen judicial, el cual era de igual forma extensivo a la situación de la señora Colón Claudio ya que el Secretario del Trabajo había comparecido en representación del Pueblo de Puerto Rico.

Conforme a lo anterior, el tribunal de instancia denegó aplicar la Opinión de este Tribunal en Acevedo Arroyo v. Puerto Rico Sun Oil, 145 D.P.R. 752 (1998), en la que resolvimos que el derecho del empleado a un periodo para tomar alimentos durante la jornada extraordinaria ha existido desde, por lo menos, el 1974. El foro de instancia, no obstante, estimó que este caso no tiene aplicación retroactiva y que en su lugar debía prevalecer el dictamen de Asoc. de Industriales v. Sec. del Trabajo, Civil Núm. 84-6364 (906), en cuanto a las reclamaciones de un segundo periodo para tomar alimentos que surgieron antes de la enmienda a la Ley de Horas y Días de Trabajo, *supra*, en 1990. Por lo tanto, el tribunal dictó sentencia en la que impuso a Syntex el pago de $266.96 a la señora Colón Claudio, más una suma igual por concepto de liquidación de

---

pagar ese periodo al doble del tipo convenido para las horas regulares. *Véase*, 29 L.P.R.A. sec. 283.

daños y perjuicios, según dispone el Art. 13 de la Ley de Horas y Días de Trabajo, *supra*, 29 L.P.R.A. sec. 282.[5]  Por último, y a la luz del resultado del caso, instancia denegó conceder costas, gastos y honorarios de abogado a la señora Colón Claudio.

De este dictamen, la señora Colón Claudio acudió ante el Tribunal de Apelaciones. Con el beneficio de la comparecencia de Syntex y la exposición narrativa de la prueba estipulada, el foro apelativo resolvió modificar la sentencia apelada en cuanto a la imposición de honorarios de abogado y confirmarla en todo lo demás.  Oportunamente, Colón Claudio presentó una solicitud de *certiorari* ante nos.  Luego de evaluar sus argumentos, el 10 de octubre de 2003, le concedimos a Syntex un término de veinte (20) días para que mostrara causa por la cual no debíamos revocar la sentencia dictada por el foro apelativo intermedio en este caso.  A la fecha, Syntex no ha cumplido con nuestra orden de mostrar causa por lo que damos por sometido el caso y pasamos a resolver la controversia planteada.

---

[5] Este artículo dispone, entre otras cosas, que:

> Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar los alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogados del procedimiento.

Debemos determinar si, a la luz de la evidencia presentada ante el tribunal de instancia, la señora Colón Claudio tiene una reclamación meritoria por un segundo periodo para tomar alimentos trabajado durante la jornada extraordinaria. Veamos.

## II

La Ley de Horas y Días de Trabajo, *supra*, fue aprobada para establecer la jornada de trabajo y, entre otras cosas, fijar los periodos de descanso, imponer deberes a los patronos y señalar penalidades por la violación de sus disposiciones. *Véase*, 29 L.P.R.A. sec. 271 *et seq.; en general, véase además*, Ruy N. Delgado Zayas, *Apuntes para el Estudio de la Legislación Protectora del Trabajo en el Derecho Laboral Puertorriqueño*, Revisión 2001, San Juan, Ramallo Bros. Printing, Inc., 2001, pág. 55 *et seq.*

En cuanto al periodo destinado para tomar alimentos, el artículo 15 de la Ley de Horas y Días de Trabajo, *supra*, provee, entre otras cosas, que:

> **Los periodos señalados para tomar los alimentos que ocurran dentro o fuera de la jornada regular del empleado pueden ser menores de una hora. Si por razón de <u>conveniencia mutua</u> para el empleado y su patrono, <u>y por estipulación escrita de ambos</u>, se fijare un periodo menor éste no podrá nunca ser menor de treinta (30) minutos** [...]. En el caso de los periodos de tomar alimentos que ocurran fuera de la jornada regular del empleado, cuando no se trabaja más de dos (2) horas después de la jornada regular, **<u>éstos podrán ser obviados mediante acuerdo escrito entre empleado y patrono</u>**, para beneficio mutuo y sin la intervención del Secretario del Trabajo y Recursos Humanos.
>
> [...]

El periodo destinado a tomar los alimentos deberá comenzar a disfrutarse no antes de concluida la tercera ni después de comenzada la sexta hora de trabajo consecutiva, de manera que **en ningún momento se requiera a los empleados trabajar durante más de cinco (5) horas consecutivas sin hacer una pausa en las labores para alimentarse** [...].

**Todo patrono que emplee o permita que un empleado trabaje durante el periodo destinado para tomar los alimentos vendrá obligado a pagarle por dicho periodo o fracción del mismo un tipo de salario igual al doble del tipo convenido para las horas regulares.** En aquellos casos en que, de acuerdo a las disposiciones de esta sección, el periodo destinado para tomar los alimentos sea reducido a un periodo menor de una hora, el patrono vendrá obligado a pagar dicho tipo de salario al doble del tipo convenido para las horas regulares únicamente si emplea o permite que un empleado trabaje durante el periodo al cual ha sido reducida la hora señalada para tomar alimentos [...]. Art. 15 de la Ley de Horas y Días de Trabajo, 29 L.P.R.A. sec. 283. (Énfasis suplido).

Este artículo dispone la duración mínima del periodo que se le debe conceder a un empleado para tomar alimentos y cuándo debe concedérsele dentro de la jornada de trabajo regular o extraordinaria. Permite que, por razones de conveniencia, el empleado acuerde con el patrono la reducción de dicho período. En caso de que el empleado tenga que trabajar el periodo para tomar alimentos, se dispone que se le deberá pagar un tipo de salario igual al doble del tipo convenido para las horas regulares cuando no exista un acuerdo para reducir dicho periodo o, cuando habiendo acuerdo válido, se trabaje el periodo al cual fue reducido.

El texto actual de dicha ley es resultado de varias enmiendas. La Ley Núm. 223 de 23 de julio de 1974 enmendó

parcialmente el citado Art. 15 de la Ley de Horas y Días de Trabajo, *supra*, anteriormente Art. 14, para especificar cuándo los trabajadores podrían tomar sus alimentos y así corregir la práctica de los patronos de establecer a su arbitrio el periodo para tomar alimentos. La misma fijó la hora de comenzar a disfrutar del periodo para tomar alimentos en algún momento de la cuarta y la quinta hora consecutiva de trabajo de manera que las partes tengan flexibilidad suficiente para acordar dentro de esas dos (2) horas el punto de comienzo de dicho descanso y de esa manera asegurar que el mismo quede situado en un punto intermedio dentro de la jornada de trabajo. *Véase*, Exposición de Motivos de la Ley Núm. 223 de 23 de julio de 1974, Leyes de Puerto Rico, 1974, págs. 177-8.

Por su parte, la Ley Núm. 41 de 17 de agosto de 1990 enmendó el primer párrafo de este mismo artículo para reconocer expresamente periodos para tomar alimentos fuera de la jornada de trabajo regular y para reglamentar dichos periodos con el fin de que el trabajador y el patrono pudiesen acordar su reducción u obviar su disfrute en determinadas situaciones, siempre que sea para conveniencia del trabajador y se obtenga la aprobación del Secretario del Trabajo. *Véase*, Exposición de Motivos de la Ley Núm. 41 de 17 de agosto de 1990, Leyes de Puerto Rico, 1990, págs. 169-72.

Referente a esta enmienda del Art. 15 en 1990, en Acevedo Arroyo v. Puerto Rico Sun Oil, *supra*, precisamos el

propósito aclaratorio de la misma en cuanto al derecho del empleado a un segundo periodo para tomar alimentos fuera de la jornada regular, es decir, durante la jornada extraordinaria. Luego de un análisis histórico detallado de todas las enmiendas hechas al referido artículo, concluimos que el derecho a un segundo periodo para tomar alimentos durante la jornada extraordinaria ha existido "cuando menos, a partir de la enmienda que la Ley Núm. 223 de julio de 1974 le hiciera al Art. 14 [hoy Art. 15] de la Ley [de Horas y Días de Trabajo]. A la pág. 765. Para esta conclusión también nos apoyamos en la enmienda que se le hiciera a la ley en 1990. A la pág. 767-8. En esa ocasión se enmendó "el primer párrafo del Artículo 14 de la Ley [de Horas y Días de Trabajo] a los fines de <u>reconocer</u> <u>expresamente</u> períodos [sic] de tomar alimentos fuera de la jornada regular de Trabajo [...]". Exposición de Motivos de la Ley Núm. 41 de 17 de agosto de 1990, *supra*. A esos efectos, se expresó además en la Exposición de Motivos de la Ley Núm. 41 de 1990, *supra*, que:

> En ánimo de aclarar dudas existentes, esta Asamblea Legislativa estima conveniente **reconocer de manera expresa** en la ley que puede[...] existir más de un período para tomar alimentos, o sea dentro de la jornada regular de trabajo y cuando se realiza trabajo en tiempo extraordinario consecutivo a la jornada regular de trabajo, independiente uno del otro [...].
>
> **De esta forma se aclara expresamente la existencia de más de un periodo para tomar alimentos [...].** *Id.*, **a las págs. 169-70.**

Como vemos, y según resolvimos en <u>Acevedo Arroyo</u>, *supra*, en 1990 la Asamblea Legislativa no estableció el

derecho a un segundo período para tomar alimentos sino que reconoció expresamente su <u>existencia previa</u>. Con relación a esto, en el caso citado expusimos que durante el proceso legislativo de enmiendas a la Ley de Horas y Días de Trabajo, *supra*, previo al 1990:

> [E]l legislador en momento alguno hizo referencia a que este periodo para tomar alimentos se limitaba específicamente a la jornada regular de trabajo. Por el contrario, **claramente expresó que en ningún momento debía permitirse al empleado trabajar más de cinco (5) horas sin que disfrutara de su hora de tomar alimentos.** Más aún, en la exposición de motivos de la citada Ley Núm. 223 que estableció lo anterior, se expresó que la actuación de los patronos al requerir al empleado trabajar más de seis (6) horas consecutivas va en detrimento de la salud y del bienestar general de los obreros y que el propósito de la ley es corregir dicha situación.
>
> **Es por estas razones, entre otras, que nos reafirmamos en que sería ilógico pensar que el legislador pretendió que este periodo de tomar alimentos aplicara únicamente a la jornada regular. De ser ello así se estaría incurriendo en el absurdo de implicar: (1) que al empleado, luego de transcurridas ocho (8) horas de labor y varias adicionales, no le hace falta un segundo periodo de descanso, y (2) que si no se toma el descanso en la jornada regular se afecta su salud y bienestar general, pero si lo omite en la jornada extraordinaria no.** <u>Acevedo Arroyo v. Puerto Rico Sun Oil</u>, *supra*, a las págs. 767. (Énfasis suplido).

Por último, es preciso resaltar que en <u>Acevedo Arroyo v. Puerto Rico Sun Oil</u>, *supra*, dispusimos claramente que en situaciones como esta no cabe hablar de aplicación retroactiva de la ley pues la enmienda de 1990 no creó o estableció un nuevo derecho sino que reconoció su existencia. A las págs. 769-70. Por lo tanto, indicamos que la norma allí expresada "no significa que estamos dando

un efecto retroactivo a la referida enmienda de 1990". *Id.*
Por el mismo razonamiento es incorrecto considerar, de
igual forma, si Acevedo Arroyo v. Puerto Rico Sun Oil,
*supra*, tiene o no aplicación retroactiva debido a que en
ese caso no reconocimos la existencia de un derecho nuevo
sino que reiteramos un derecho existente desde hacía
décadas.

Visto lo anterior, examinemos los hechos del caso de
autos.

III

De la exposición narrativa estipulada de la prueba del
presente caso surge que la señora Colón Claudio pudo haber
trabajado más de cinco (5) horas consecutivas fuera de la
jornada ordinaria sin disfrutar de un segundo periodo para
tomar alimentos y sin haber renunciado a éste con
anterioridad a agosto de 1994. Referente a esta
reclamación, Colón Claudio testificó que entre octubre de
1984 a octubre de 1994 trabajó de dos (2) a cuatro (4)
horas extras diarias durante cuatro (4) días de la semana
aproximadamente, las cuatro semanas del mes, periodo
durante el cual no se le concedió tiempo para tomar
alimentos. De igual forma, consta que en la auditoría
realizada por el Departamento del Trabajo no se consideró
la reclamación de la señora Colón Claudio de un segundo
periodo para tomar alimentos durante la jornada
extraordinaria por haberse entendido que, según el estado

de derecho vigente para el periodo reclamado, no había que concederle compensación.

El argumento principal de Syntex para afirmar que el derecho a un segundo periodo para tomar alimentos no aplica al caso de autos es que existe a su favor una sentencia declaratoria en la que se establece que bajo la Ley de Horas y Días de Trabajo, *supra*, no hay obligación de conceder un segundo periodo para tomar alimentos previo al 1990. Por ello, sostiene que no se debe dar aplicación retroactiva a la norma de <u>Acevedo Arroyo v. Puerto Rico Sun Oil</u>, *supra*. No le asiste la razón. Como expresamos anteriormente, <u>Acevedo Arroyo</u> reconoció que con la enmienda de 1990 la Ley de Horas y Días de Trabajo, *supra*, estableció *expresamente* el derecho a disfrutar de un periodo para tomar alimentos durante las horas extras. Empero, la Asamblea Legislativa aclaró con la misma enmienda que dicho derecho existía desde fecha anterior. Según expusimos, ese derecho ha existido desde por lo menos el 1974, cuando se enmendó la ley para proveer que en <u>ningún momento</u> debe requerirse al empleado que trabaje más de cinco (5) horas consecutivas sin un receso para tomar alimentos.

En consecuencia, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones erraron al no reconocer que la señora Colón Claudio podía tener una reclamación válida en virtud de su derecho a un segundo periodo para tomar alimentos, según provisto en la enmienda

hecha en 1974 a la Ley de Horas y Días de Trabajo, *supra*. En el caso de autos se debió hacer una determinación específica de las horas que la señora Colón Claudio trabajó en la jornada extraordinaria y, a la luz de ello, determinar si pudo haber tenido derecho al segundo periodo para tomar alimentos fuera de la jornada de trabajo regular.

No nos persuade el argumento de que si el patrono descansó de buena fe en una sentencia declaratoria, el empleado pierde su derecho a ser indemnizado justamente por su trabajo y a disfrutar de las protecciones que se le reconocen en ley. La sentencia declaratoria del tribunal de instancia en Asoc. de Industriales v. Sec. del Trabajo, *supra*, es inaplicable en el presente caso. Se trata de una sentencia de un tribunal inferior dictada en 1984, previo a nuestra decisión en Arroyo Acevedo, *supra*. Además, en dicho caso ni la señora Colón Claudio ni Syntex fueron partes. Por lo tanto, a pesar de la existencia de la referida sentencia declaratoria, la señora Colón Claudio podría tener derecho a compensación en virtud de la Ley Núm. 223, *supra*, y conforme al testimonio vertido y no refutado en la vista del juicio en su fondo. Para determinar lo anterior, es menester que se revisen los registros de nóminas que fueron considerados en la auditoría del Departamento del Trabajo a los fines de determinar si la señora Colón Claudio efectivamente trabajó, fuera de la jornada regular, tiempo suficiente

para ser acreedora de indemnización por un segundo periodo para tomar alimentos trabajado de noviembre de 1984 a octubre de 1994.

IV

Por los fundamentos que anteceden, resolvemos que erró el Tribunal de Apelaciones al confirmar aquella parte de la sentencia del Tribunal de Primera Instancia que declara sin lugar la reclamación de la señora Colón Claudio en cuanto al pago por el periodo para tomar alimentos trabajado durante la jornada extraordinaria. Por lo tanto, se expide el auto de *certiorari* solicitado, se revoca parcialmente la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Olga Colón Claudio

   Demandante Peticionario

   v.                                    CC-2003-618      Certiorari

Syntex Puerto Rico, Inc.

   Demandado Recurrido

SENTENCIA

San Juan, Puerto Rico, a 18 de junio de 2004.

Por los fundamentos expuestos anteriormente, los cuales se hacen formar parte integral de la presente, resolvemos que erró el Tribunal de Apelaciones al confirmar aquella parte de la sentencia del Tribunal de Primera Instancia que declara sin lugar la reclamación de la señora Colón Claudio en cuanto al pago por el periodo para tomar alimentos trabajado durante la jornada extraordinaria.

Por lo tanto, se expide el auto de *certiorari* solicitado, se revoca parcialmente la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo